This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-37549**

**MONICA VIGIL,**

Petitioner-Appellant,

v.

**CARLOS MARIO ALBA,**

Respondent-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Gerard J. Lavelle, District Judge**

Manuel J. Lopez
Las Cruces, NM

for Appellant

Leigh & Dougherty, P.C.
Kymberleigh G. Dougherty
Albuquerque, NM

for Appellee

## DECISION

**IVES, Judge.**

**{1}** Monica Vigil (Mother) filed a petition against Carlos Mario Alba (Father) seeking, among other things, child support for Mother and Father's two minor children. Mother moved for summary judgment, requesting child support retroactive to the date of Mother and Father's separation. Both parties relied on the same undisputed material fact in support of their positions regarding retroactive support: that Father executed acknowledgements of paternity for both minor children shortly after their births. Mother argued that because Father had acknowledged paternity, he was responsible for child support retroactively under Section 636(G) of the New Mexico Uniform Parentage Act

(NMUPA), NMSA 1978, §§ 40-11A-101 to -903 (2009). Father argued that his acknowledgements could not be the basis for retroactive support under Section 305(A) of the same Act. The district court agreed with Father and declined to order retroactive child support. Mother appeals, arguing that the district court denied her request for retroactive support based on a legal error, which is a question we review de novo. *See Kokoricha v. Estate of Keiner*, 2010-NMCA-053, ¶ 11, 148 N.M. 322, 236 P.3d 41.

**{2}** After the district court entered its order, this Court addressed the dispositive issue in Mother's appeal, holding "that the NMUPA authorizes district courts to order retroactive support when an acknowledgement of paternity has established the parent-child relationship." *Human Servs. Dep't v. Toney*, 2019-NMCA-035, ¶ 21, 444 P.3d 1074, *cert. denied*, 2019-NMCERT-___ (No. S-1-SC-37701, June 25, 2019). In *Toney*, we explained that "[i]nstead of categorically forbidding or categorically requiring retroactive support, the NMUPA calls for a case-by-case approach to retroactive support issues, including consideration of any equitable defenses." *Id.* ¶ 32. Because the district court concluded that retroactive support was categorically unavailable, we reverse and remand so that the district court can make a determination regarding retroactive support under *Toney* based on the facts of this case.

**{3}** In her briefs, Mother requests that we award her costs incurred on appeal, including attorney fees,[1] pursuant to Rule 12-403 NMRA and Section 40-11A-636(C). However, Mother's briefs do not include analysis sufficient to allow the Court to determine whether the law and the facts warrant such an award and if so, what amount the Court should award. Under Rule 12-403(A), Mother may move for costs within fifteen days after entry of disposition.

**{4}** We reverse and remand for further proceedings consistent with this decision.

**{5}** **IT IS SO ORDERED.**

**ZACHARY A. IVES, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Chief Judge**

**KRISTINA BOGARDUS, Judge**

---

[1]Whether to award attorney fees for work performed in the district court proceedings is an issue for the district court to consider on remand. The district court reserved the issue of attorney fees pending resolution of any appeal.